**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:09cv449**

| | |
|---|---|
| **MARGIE GAIL DURKEE; MICHAEL EARL DURKEE; JACKIE NEWTON, Guardian *Ad Litem* on behalf of C.D.; BARNEY DURKEE; BARBARA DURKEE, TIMOTHY CABLE, Guardian *Ad Litem* on behalf of D.B., a minor; CAMELIA BUCHANAN; and KENNETH BUCHANAN,** | ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **vs.** | )____ ) |
| **C. H. ROBINSON WORLDWIDE, INC.; C.H. ROBINSON COMPANY; GEOLOGIC SOLUTIONS, INC.; XATA CORPORATION; N&W HOLDINGS, LLC; PEOPLEASE CORPORATION; CORETRANS, LLC; DOMTAR PAPER COMPANY, LLC; d/b/a Domtar Corporation; DOMTAR INDUSTRIES, INC.; DOMTAR, INC.; and DOMTAR CORPORATION,** | ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM OF DECISION
## AND
## ORDER

**THIS MATTER** is before the Court on the following:

1.    Defendants Geologic Solutions, Inc.'s and Xata Corporation's Rule

12(b)(6) Motion to Dismiss [Doc. 25];

2. Defendants Geologic Solutions, Inc.'s and Xata Corporation's Rule 12(b)(6) Motion to Dismiss the Cross-Claims for Contribution and Indemnification Asserted against Them by Defendant Peoplease Corporation [Doc. 39]; and

3. Defendants Geologic Solutions, Inc.'s and Xata Corporation's Rule 12(b)(6) Motion to Dismiss the Cross-Claims for Contribution and Indemnification Asserted against Them by the Domtar Defendants [Doc. 60].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motions to dismiss and to submit recommendations for their dispositions.

On May 26, 2010, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that each of the three motions be granted. [Doc. 65]. The Plaintiffs timely filed objections.

## PROCEDURAL & FACTUAL BACKGROUND

This action was initiated on December 16, 2009.[1] [Doc. 3]. In the Complaint, it is alleged that on the morning of July 1, 2008, Camelia Buchanan (Buchanan) was driving a 2002 Ford car in which Margie Durkee and two minor children, D.B. and C.D., were front seat passengers.[2] [Id., at 5]. Buchanan slowed the car when she approached a highway work zone on Interstate 40 in Buncombe County. [Id.]. Carroll Jett, who was driving a 2007 Volvo tractor trailer truck in the same direction, failed to slow his vehicle allegedly because he was distracted by a texting system inside the truck. [Id.]. As a result, he drove the truck into and over the 2002 Ford resulting in serious injury to the individuals inside the car. [Id.]. The Complaint alleges that Jett was negligent, grossly negligent, careless and reckless in numerous manners. [Id.].

The Defendant Geologic Solutions, Inc. (Geologic) is a Delaware corporation which was acquired by Defendant Xata Corporation (Xata), a

---

[1]This case is one of six cases pending in this Court, all of which stem from a motor vehicle accident in July 2008. In Durkee, et. al. v. Jett, et. al., Civil Case No. 1:08cv429, the Court consolidated four of the actions and stayed the case. When this case was filed, additional plaintiffs and defendants were added and Defendant Jett was dropped from the action. In July 2010, the sixth action was filed on behalf of the estate of another individual injured during the accident who later died. Bailey v. Jett, et. al., Civil Case No. 1:10cv144.

[2]This may be a typographical error since the allegation is that four people were in the front seat of the car.

Minnesota corporation, prior to the time of the accident. [Id., at 3]. Inside the tractor trailer truck being operated by Jett was a text messaging system which allowed Jett to receive text messages while driving.[3] [Id., at 13]. The system was manufactured by Geologic which is alleged to be a manufacturer pursuant to N.C. Gen. Stat. §99B-1.[4] [Id., at 23]. In the Complaint, it is alleged that Geologic

> failed to exercise reasonable care and was negligent in that it manufactured the Geologic texting system described herein so that the settings on said system could be adjusted to where the operator could send or receive text messages while traveling at Interstate highway speeds. [I]t was foreseeable by Geologic ... and/or Xata ... that the tractors in which the texting systems would be mounted and used would be carrying heavy loads while traveling at Interstate highway speeds.
>
> Geologic ... and/or Xata ... knew, or in the exercise of reasonable care should have known, that drivers of tractor trailers, carrying heavy loads while traveling at Interstate highway speeds, would become distracted if a text message was sent to them and the system had been set to where the driver could review the text

---

[3]Plaintiffs do not allege that Jett responded to or sent any text messages with this system. The particular allegation regarding the use of the system reads that the "text messaging system . . . allowed Jett to both receive messages while operating a heavily loaded tractor trailer on Interstate highway [sic] at Interstate highway speeds, and further, during the operation of said text messaging system, was likely and forseeable to distract him in its operation." [Doc. 3 at 13 ¶67]. Nowhere do Plaintiffs allege, however, that Jett was actually using the texting system at the time of the accident, [see id. at 12-13, 23-24], only that he was, in some unspecified manner, "distracted by the texting system." [Id. at 5 ¶23].

[4]The Complaint contains an incorrect citation to N.C. Gen. Stat. §99(b)(1).

message while traveling at Interstate highway speeds. [T]he settings on the Geologic texting system, [at] the time and place of [the] accident, were made in accordance with the instructions or specifications of the manufacturer[.]

[A]t the time the Geologic Texting system left the control of the manufacturer[,] the manufacturer unreasonably failed to adopt a safe, practical, feasible, and otherwise reasonable alternative design that could have been reasonably adopted and it would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product, in that Geologic texting systems could have been designed to where the system would only operate to where a driver could either send or receive messages while stopped.

[Id., at 23-24]. It is also alleged that Geologic acted unreasonably pursuant to N.C. Gen. Stat. §99B-6(b) because the risk of harm associated with the design of the product made it unreasonable and Geologic was likely aware that the product users would be long haul truckers on interstate highways carrying heavy loads. [Id.].

Defendant Peoplease Corporation (Peoplease) asserted cross-claims against Geologic and Xata for contribution and indemnification. [Doc. 28, at 32-33]. Defendants Domtar Paper Company, LLC, Domtar Industries, Inc., Domtar, Inc. and Domtar Corporation (Domtar Defendants) also asserted cross-claims against Geologic and Xata for contribution and indemnification. [Doc. 55, at 25-27].

5

The Court's review of the docket shows that Geologic and Xata did not file an answer but instead moved to dismiss the claims against them for failure to state a claim upon which relief may be granted. [Doc. 25]. Geologic and Xata then moved to dismiss the cross-claims on the same grounds as those stated with regard to the Plaintiffs' claims. [Doc. 39; Doc. 60]. The Magistrate Judge concluded that the Plaintiffs had failed to state claims against Geologic and Xata and recommended that the motion be granted. That recommendation rendered the cross-claims futile and so he recommended that they be dismissed as well.

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), *overruled on other grounds* Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of

generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007), *certiorari denied* 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original).

Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of [the] entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

The Plaintiffs' objections exceed the twenty-five page limit stated in the Local Rules. Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina, Rule 7.1(D). Counsel advises that it is not clear whether that limit applies to objections to a Memorandum

7

and Recommendation. [Doc. 67, at 4]. The page limit, however, does in fact apply to objections. While the Court has not stricken the pages in excess of the limit, it is noted that the Objections are twice as long as the Memorandum and Recommendation. In the first seven pages, counsel sets out summaries of the objections to follow, which do little to assist the Court in addressing the objections. Likewise of little assistance to the Court are the objections raised that appear to be more in the nature of a semantic dispute with the Magistrate Judge as to his use of language than true objections to the substance of his recommendation or his underlying reasoning. Although this Court has conducted a *de novo* review, this opinion is limited to specifically stated objections. Arguments extraneous to the issues raised in those objections are not addressed herein.

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, when accepted as true, 'to state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *quoting* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." <u>Id</u>. A plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it]

to relief, *i.e.*, the 'plausibility of entitlement to relief.'" <u>Francis v. Giacomelli</u>,

588 F.3d 186, 193 (4th Cir. 2009), *quoting* <u>Twombly</u>, 550 U.S. at 570.

> [T]he Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  To discount such unadorned conclusory allegations, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth."  This approach recognizes that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief."
>
> At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" as required by Rule 8. ... [E]ven though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

<u>Id</u>., *quoting* <u>Twombly</u>, 550 U.S. at 555, 557 and <u>Iqbal</u>, 129 S.Ct. at 1950.

The Court notes that in ruling on the objections to the Memorandum and

Recommendation, it has not considered any matters outside the pleadings.

**DISCUSSION**

In North Carolina, a products liability action includes "any action brought for or on account of personal injury ... caused by or resulting from the manufacture, ... [and/or] design, ... of any product." N.C. Gen. Stat. §99B-1(3). The statute defines a manufacturer as "a person or entity who designs, assembles, fabricates, produces, constructs or otherwise prepares a product ... prior to its sale to a user or consumer[.]" N.C. Gen. Stat. §99B-1(2). Geologic and Xata are manufacturers. The Plaintiffs have labeled the claim against Geologic and Xata as one for products liability based on negligent manufacture and design. [Doc. 3, at 23-24].

"Under North Carolina law, a products liability action based upon negligence requires the plaintiff to prove the following essential elements: (1) duty; (2) breach; (3) causation; and (4) damages." Smith v. Wyeth-Ayerst Laboratories Co., 278 F.Supp.2d 684, 706 (W.D.N.C. 2003). The products liability statute also provides:

> No manufacturer of a product shall be held liable in any product liability action for the inadequate design or formulation of the product unless the claimant proves that at the time of its manufacture the manufacturer acted unreasonably in designing or formulating the product, that this conduct was a proximate cause of the harm for which damages are sought and also proves ... [that] at the time the product left the control of the manufacturer, the manufacturer unreasonably failed to adopt a safer,

> practical, feasible, and otherwise reasonable
> alternative design ... that could then have been
> reasonably adopted and that would have prevented or
> substantially reduced the risk of harm without
> substantially impairing the usefulness, practicality, or
> desirability of the product.

N.C. Gen. Stat. §99B-6(a).

The central focus of the Memorandum and Recommendation is that Defendants Geologic and Xata owed no legal duty to the Plaintiffs to anticipate the misuse of their texting system in a manner as would cause injury to the Plaintiffs as non-users. Plaintiffs have objected to this conclusion.

The duty owed by a defendant to a plaintiff is determined by the relationship subsisting between them. Kientz v. Carlton, 245 N.C. 236, 240, 96 S.E.2d 14, 17 (1957). "[A] manufacturer is under a duty to those who use his product to exercise that degree of care in its design and manufacture that a reasonably prudent man would use in similar circumstances." McCollum v. Grove Mfg. Co., 58 N.C.App. 283, 287 (1982), *affirmed* 307 N.C. 695, 300 S.E.2d 374 (1983). It is undisputed that the Plaintiffs were not the users of the product; they had no relationship with Geologic and Xata, contractual or otherwise. Williams v. Cingular Wireless, 809 N.E.2d 473, 477 (Ind. Ct. App. 2004) appeal denied, 822 N.E.2d 976 (Ind. 2004).

The Magistrate Judge succinctly stated the legal issue as it applies to the facts alleged herein. In light of the absence of any legal relationship

between the Plaintiffs and Geologic and Xata, the Magistrate Judge found it

significant that

> there is no allegation that the communications device
> malfunctioned in any way. Rather, the only
> allegations are that the end user used the device
> when he should have been watching the road, and
> Geologic and Xata should have anticipated such
> misuse and designed it in a manner which prevented
> it from being used while the truck was moving. . . .
> [T]hat would impose a duty on manufacturers to
> anticipate misuse of a product and design such a
> product to prevent misuse. If such a legal duty to
> anticipate misuse were to be imposed on
> manufacturers, no vehicle would be capable of
> traveling above the speed limit, car ignitions would all
> be equipped with ignition interlock devices, and guns
> would not be sold to persons with poor judgment.

[Doc. 65 at 7].

The Plaintiffs argue for an extension of Defendants' legal duty in this

case, claiming they are reasonably foreseeable victims injured by a

reasonably foreseeable harm. Specifically, they claim that (1) the texting

system, as designed and manufactured, was unreasonable; (2) this design

was the proximate cause of the Plaintiffs' injuries; *i.e.*, by causing the

accident; and (3) there was an alternate design which would not have allowed

Jett to read text messages unless he stopped the truck. Thus, the argument

goes, Geologic and Xata should have foreseen that this alternate design

would avoid injury to third persons like the Plaintiffs and should have adopted it.

The Court is compelled to follow the Magistrate Judge's recommendation and conclude as a matter of law that the facts alleged do not allow for the imposition of liability upon Geologic or Xata, notwithstanding the alleged design of the texting system. See Williams, 809 N.E.2d at 477-78. If manufacturers or designers of products had a legal duty to third parties to anticipate improper use of their products then no product that would potentially distract a driver could be marketed. Cellular telephones, GPS devices and even car radios would be the subject of suits such as this one. After all, cellular telephones are capable of being used for sending and receiving text messages while driving an automobile, just like the "texting system" at issue in this case. Moreover, the makers of firearms and even automobiles would have to try to account for the potential harm that their users might cause to third parties when using their products in a manner contrary to what was intended. Such a rule would turn products liability law on its head.

Plaintiffs respond by citing Hairston v. Alexander Tank and Equipment Co., 310 N.C. 227, 311 S.E.2d 559 (1984). The plaintiff in that case was killed when he stopped by the side of the road after the tire on his car fell off and

another vehicle hit him. The North Carolina Supreme Court held that both the mechanic who failed to tighten the tire immediately before the accident and the vehicle which hit the plaintiff proximately caused the accident. Plaintiffs claim that the Court held the negligence of the driver did not insulate the preceding negligence of the mechanic and compare it to this case. That misses the point of the Magistrate Judge's conclusions underlying his recommendation. It is not a question of whether Jett's negligence was an intervening cause, but whether the Plaintiffs have stated a claim for negligence on the part of Geologic and Xata. The Magistrate Judge concluded, and this Court concludes, that on the facts alleged there was no duty upon Geologic and Xata, and thus these Defendants were not negligent. Therefore, no issue arises regarding concurrent or insulating causes. Hairston is simply inapposite to the facts pleaded herein.

Plaintiffs take repeated exception to the Magistrate Judge's characterization of Jett as having "misused" the texting system. Plaintiffs contend that, in fact, Jett was using the texting system in a manner for which it was designed and that therefore the design of the system constitutes

negligence.[5] Plaintiffs further contend that Geologic and Xata were obligated to design a system that could be used only when the vehicle was stopped.

Plaintiffs' arguments are premised on the assumption that Jett's distracted and inattentive driving was a result of a design defect within the system. The fact, however, that using the system *could* result in a driver negligently operating his vehicle does not create any duty on the part of the manufacturer to protect third parties from a driver's improper use of the product. "[T]he duty owed by a manufacturer ... does not require him to ... protect against injuries resulting from the user's own patently careless and improvident conduct." <u>Kientz</u>, 245 N.C. at 241-42. The alleged accident in this case was caused by the driver's inattention, not any element of the design or manufacture of the system that has been alleged. <u>Id</u>.; *accord*, <u>Matthews v. Vlad Restoration Ltd.</u>, 74 A.D.3d 692, 904 N.Y.S.2d 391 (1st Dept. 2010) (pedestrian distracted by cell phone conversation not brace on scaffold); <u>Wilfong v. L.J. Dodd Cont.</u>, 930 N.E.2d 511 (Ill. Ct. App. 2010), 930 N.E.2d 511 (2010) (same); <u>Silber v. Motorola, Inc.</u>, 274 A.D.2d 511, 711 N.Y.S.2d 475 (2nd Dept. 2000), *leave to appeal denied* 96 N.Y.2d 704, 746 N.E.2d 186

---

[5]There is, in fact, no allegation in the Complaint that Jett was actually using the system at the time of the accident. At best, it can be inferred from the Plaintiff's allegations of causation that Jett was distracted by the system when the accident occurred. Assuming these allegations to be true, the court concludes that these facts do not establish a legal duty on the part of Geologic and Xata to protect Plaintiffs from Jett's inattentiveness.

(2001) (driver distracted by cradle for cell phone; accident caused by driver being distracted and averting eyes from the road not by manufacture or design of phone and cradle).[6] The Plaintiffs' objections on this point are overruled.

Next, the Plaintiffs contend that the Magistrate Judge failed to forecast how the North Carolina Supreme Court would resolve the issue of whether Geologic and Xata owed a legal duty to non-users in this scenario. They cite Isaacson v. Toyota Motor Sales, 438 F.Supp. 1 (E.D.N.C. 1976), in support of this proposition. The Fourth Circuit Court of Appeals much more recently stated, however,

> [S]itting in diversity, a federal court "should not create or expand [a] State's public policy." Moreover, "[a]bsent a strong countervailing federal interest, the federal court ... should not elbow its way into this controversy to render what may be an uncertain and ephemeral interpretation of state law."

Time Warner Entertainment-Advance/Newhouse Partnership v. Carteret-Craven Elec., 506 F.3d 304, 314 (4th Cir. 2007) (ctiations omitted). Existing precedent from the appellate courts of North Carolina support the legal conclusion that there is no duty to design or manufacture a product so as to

---

[6]In so holding, the Court rejects as well the Plaintiffs' argument that the Magistrate Judge found Jett's negligence to be insulating negligence. The design and manufacture of the texting system was not negligent because there was no attendant duty. Thus if Jett was negligent, such negligence is not intervening.

anticipate that a user will misuse the product to harm another. This Court need not "elbow its way into" any controversy about public policy, but only follow that precedent.

Plaintiffs claim that in concluding that there was no duty to them that the Magistrate Judge simply disbelieved the factual allegations of the Complaint, which is not allowed under Twombly. This objection stems from the Magistrate Judge's observation that the practice of texting while operating a vehicle is obviously dangerous to the operator as well as to others. Plaintiffs argue that having made this observation, the Magistrate Judge could not then conclude anything other than that Geologic should have foreseen such danger. [Doc. 67, at 13]. The Magistrate Judge, however, refutes this objection on the very next page of the Memorandum and Recommendation where he concludes that "simply because a product is placed in the stream of commerce *does not place a legal duty on the manufacturer for careless or improper use*; rather the risk of harm has to be both unreasonable and foreseeable." [Doc. 65, at 12] (emphasis added) (*citing* Estate of Mullis v. Monroe Oil Co., Inc., 349 N.C. 196, 505 S.E.2d 131 (1998)).

> [T]he threshold question is whether plaintiffs successfully allege defendant[s] had a legal duty to avert the [accident caused by Jett]. No legal duty exists unless the injury to the plaintiff was foreseeable and avoidable through due care. Whether a plaintiff's injuries were foreseeable depends on the facts of the

> particular case.  Unlike many cases involving [ ]
> negligence claims, here plaintiffs desire damages
> from defendant[s] for the actions of [a] third person[.]

Stein v. Asheville City Bd. of Educ., 360 N.C. 321, 267-68 (2006), *rehearing*

*denied* 360 N.C. 546, 625 S.E.2d 58 (2006).  The Magistrate Judge concluded

that Geologic and Xata had no legal duty to the Plaintiffs because they were

not users of the product at issue and the Plaintiffs' alleged harm stemmed

from the misuse of the product by the user.  This was a proper statement of

North Carolina law, not a statement of disbelief in the allegations of the

Complaint.  This objection is overruled.

The Plaintiffs also object to the standard of review applied by the

Magistrate Judge, arguing that it was too stringent as applied to a negligence

claim.  The Magistrate Judge, they argue, went "further than directed by

Twombly and Iqbal, to in effect allow the pleading tail to wag the substantive

law dog." [Doc. 67, at 7].  In a negligence case, they claim, the plaintiff is not

required to allege each element of a tort claim.  In support, they state that the

> Plaintiffs have alleged a specified date and time and
> place where the alleged negligence occurred, the
> mechanism of the negligence, even to the point of
> noting that this texting device was mounted within the
> tractor-trailer itself.  Plaintiffs go on to allege a
> feasible alternative design.

[Id., at 8](emphasis in original).

This argument is based on the Supreme Court's citation in <u>Twombly</u> to the standard form in the Federal Rules of Civil Procedure for negligence complaints, a citation meant only to convey that "conclusory statements are not barred entirely from federal pleadings." <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1084 (7th Cir. 2008), *citing* <u>Twombly</u>, 127 S.Ct. at 1977.

> The [<u>Twombly</u>] Court noted that a complaint of negligence in compliance with [the form] provides sufficient notice to defendants, even though it alleges only that the defendant, on a specified date, "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway." To survive dismissal at this stage, the complaint need not state the respects in which the defendant was alleged to be negligent (*i.e.*, driving too fast, driving drunk, etc.)[.] In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense.

<u>Id</u>., at 1084-85.[7]

The Magistrate Judge, however, did not conclude that the Plaintiffs had failed to state a negligence claim because the Complaint did not contain sufficient allegations of the elements of negligence. His recommendation is based on the Plaintiffs' failure to allege facts sufficient to show that Geologic

---

[7]However, the "Supreme Court has not yet excluded complaints asserting state law tort claims from the reach of its ruling [in <u>Twombly</u>.]" <u>Stanley v. Star Transport, Inc.</u>, 2010 WL 2079731 (W.D.Va. 2010); <u>Farash v. Continental Airlines, Inc.</u>, 337 Fed.Appx. 7, 9 (2nd Cir. 2009) (applying <u>Twombly</u> and <u>Iqbal</u> to negligence cause of action and finding complaint inadequate).

and Xata, as the manufacturers of the texting system, owed a legal duty to the Plaintiffs. He also concluded that the harm alleged was not reasonably foreseeable and that the manufacture or design of the system was not the proximate cause of the injury. In other words, despite the allegations in the Complaint, which are taken as true for the purposes of this motion, the Plaintiffs have failed to state a cognizable legal claim.

The Plaintiffs admit that they were not users of the texting system. Based on that fact, the Magistrate Judge concluded as a matter of law that North Carolina law does not recognize a duty owed by these Defendants to the Plaintiffs. The Magistrate Judge properly applied the Twombly standard of review. Bruno v. Metropolitan Transp. Authority, 344 Fed.Appx. 634, 636 (2nd Cir. 2009) (noting that even after Twombly in order to state a negligence claim a plaintiff must show duty owed); *accord*, Farash, 337 Fed.Appx. at 9; Gilbert v. Outback Steakhouse of Florida, Inc., 295 Fed.Appx. 710, 715 (5th Cir. 2008) ("[W]hile the 'nature of the claim' - a negligence action - is apparent from the complaint, it cannot be said that Gilbert provided 'fair notice' of the 'grounds' on which the claim rests - the duty owed by OSF as the premises owner to its invitees."); Ellis v. Advanced Technology Services, Inc., 2010 WL 3526169 (M.D.Ala. 2010); Wheeler v. Prison Health Services, Inc., 2010 WL 3489405 (E.D.Pa. 2010); Walters v. Fidelity Mortg. of CA, ___ F.Supp.2d ___,

2010 WL 3069341 (E.D.Cal. 2010).  Even after Twombly, a "court need not

... accept unsupported legal allegations, legal conclusions couched as factual

allegations, or conclusory factual allegations devoid of any reference to actual

events."  Errivares v. Transportation Sec. Admin., 2010 WL 610774 (D.Md.

2010) (finding plaintiff failed to plead duty owed and dismissing under

Twombly/Iqbal).

In the next portion of the objections, the Plaintiffs claim that the

Magistrate Judge failed to accept the facts alleged in the Complaint as true.

In support of this position, counsel recited various factual allegations

contained within the Complaint and stated that "the consequences of deeming

Plaintiffs' factual allegations" as true results in the "Defendants" admitting

those allegations in their "Answer."  [Doc. 67, at 8-9].  Those "admissions," it

is argued, require denial of the motion to dismiss.  Counsel even provided a

chart within the objections showing each factual allegation and the purported

deemed "Admission" from the "Answer." [Id.].

Geologic and Xata, however, have not filed an answer; they instead

moved to dismiss on the ground that there is no legal duty owed to these

Plaintiffs, the harm at issue was not reasonably foreseeable and the injury

was not proximately caused by their product design.  By interposing a motion

to dismiss, Geologic and Xata clearly contested whether the facts as alleged have stated a legal claim.

This very peculiar manner of presentation is continued in the next portion of the objections in which Plaintiffs' counsel recites a "hypothetical trial" with questions and answers fabricated entirely by counsel. The objection concludes with the question, "If such was the evidence[ ] adduced upon cross examination, and the defendants moved for directed verdict, would the Court grant it?" In what manner this objection relates to the Memorandum and Recommendation is not explained beyond the strained argument that this Court is required to accept every factual allegation in the Complaint as deemed admitted by the Defendants prior to their having filed an answer. This argument simply ignores the issue raised by the motion to dismiss.

Counsel next lifts one quotation from the Memorandum and Recommendation and argues that it proves the Magistrate Judge imposed a higher standard than required by Twombly. According to the Plaintiffs, the Magistrate Judge imposed a "probability requirement at the pleading stage." [Doc. 67, at 11].

In discussing "what is reasonably foreseeable in the context of a products liability action," the Magistrate Judge quoted Kientz v. Carlton, 245 N.C. at 242, 96 S.E.2d 14:

In North Carolina, a manufacturer bears

> responsibility for consequences which are probable, and which could reasonably have been foreseen, according to ordinary and usual experience, but not for consequences which are merely possible according to occasional experience.

[Doc. 65, at 9] (citations omitted).  Applying that standard to the facts alleged, the Magistrate Judge noted:

> This alleged failure of the truck driver to operate the vehicle with due care for his own safety as well as the safety of others cannot, however, be ascribed to a company that manufactures a communications device as use of the device without due care, while certainly possible, is not probable, the results of which could not have been reasonably foreseen.

[Id., at 11].

The Magistrate Judge, however, wrote this portion of the recommendation in the context of discussing the North Carolina definition of "reasonably foreseeable."  It did not relate to the pleading standard applied to the Complaint.  This objection, therefore, is overruled.

The remaining objections relate to the Magistrate Judge's distinction of cases cited by the Plaintiffs.  The Court has reviewed each case as well as the Magistrate Judge's discussion and finds that the objections are not well taken.  The Court has also reviewed, and rejected, the cases cited by the Plaintiffs during oral argument of the motion before the Magistrate.

**CONCLUSION**

While Plaintiffs' counsel has gone to great lengths to argue for an extension of North Carolina's products liability law, the Court accepts the recommendation of the Magistrate Judge and concludes that the law in North Carolina does not impose a duty on the manufacturer of a product to design it in such a manner that the user thereof is incapable of being distracted by its use while driving.[8] <u>Kientz</u>, 245 N.C. at 240; <u>Winters v. Lee</u>, 115 N.C.App. 692, 696, 446 S.E.2d 123 (1994), *review denied* 338 N.C. 671, 453 S.E.2d 186 (1994) ("'One is bound to anticipate and provide against what usually happens and what is likely to happen; but it would impose too heavy a responsibility to hold [defendants] bound in like manner to guard against what is unusual and unlikely to happen or what, ... is only remotely and slightly probable.'")

---

[8]The Court rejects the Plaintiffs' reliance on <u>Adams v. Morris</u>, 584 S.W.2d 712 (Tex.Civ.App. 1979), a case which did not involve products liability. In that case, a passenger, riding in his own car while it was driven by another person, distracted the driver. The court there found, applying Texas law, that because the passenger retained the authority to direct and supervise the manner in which the car was driven and because the street contained warning signs that children were playing nearby, the passenger-owner of the car owed a duty to those children. Such comparison might be applicable to this case if Plaintiffs were claiming that Geologic and Xata owned the tractor trailer at issue, were in the vehicle with Jett and in some manner caused him to look at the texting system. Texas, however, appears to be unique in its holding. See, *e.g.*, <u>Champion *ex rel.* Ezzo v. Dunfee</u>, 398 N.J.Super. 112, 939 A.2d 825 (2008), *certiorari granted* 195 N.J. 420, 949 A.2d 849 (2008); <u>Akins, by and through Akins v. Hamblin</u>, 237 Kan. 742, 703 P.2d 771 (1985). Moreover, North Carolina has clearly rejected an argument that the passenger in a car driven by her husband, who was known to have seizures and who was driving with an expired license, was negligent for failing to prevent him from driving (i.e. "misusing" the vehicle). <u>Hinson v. Jarvis</u>, 190 N.C.App. 607, 660 S.E.2d 604 (2008), *review denied* 675 S.E.2d 366 (2009).

(citations omitted). The Court therefore rejects Plaintiffs' arguments and dismisses Geologic and Xata from this action.

Finally, the Court notes that the Defendants N&W Holdings, LLC, Coretrans, LLC, and Domtar Paper Company, LLC are each alleged to be a limited liability company. A limited liability company is a citizen of all states in which its constituent members are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Courts have an affirmative duty to question subject matter jurisdiction even when the parties have not done so. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997),certiorari denied 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998); 28 U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). No party has disclosed in the pleadings the states of citizenship of the constituent members or partners of these Defendant and therefore each will be required to do so in order for the Court to determine whether it has subject matter jurisdiction over the remaining claims.

**ORDER**

**IT IS, THEREFORE, ORDERED** as follows:

1.    The Plaintiffs' objections [Doc. 67] to the Memorandum and Recommendation of the Magistrate Judge [Doc. 65] are **OVERRULED** and the recommendation of the Magistrate Judge is **ACCEPTED**.

2.    Defendants Geologic Solutions, Inc.'s and Xata Corporation's Rule 12(b)(6) Motion to Dismiss [Doc. 25] is hereby **GRANTED** and these Defendants are hereby **DISMISSED** from the action with prejudice.

3.    Defendants Geologic Solutions, Inc.'s and Xata Corporation's Rule 12(b)(6) Motion to Dismiss the Cross-Claims for Contribution and Indemnification Asserted against Them by Defendant Peoplease Corporation [Doc. 39] is hereby **GRANTED** and these claims are hereby **DISMISSED** with prejudice.

4.    Defendants Geologic Solutions, Inc.'s and Xata Corporation's Rule 12(b)(6) Motion to Dismiss the Cross-Claims for Contribution and Indemnification Asserted against Them by the Domtar Defendants [Doc. 60] is hereby **GRANTED** and these claims are hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that on or before ten business days from entry of this Order, the Defendants N&W Holdings, LLC, Coretrans, LLC, and

Domtar Paper Company, LLC shall file response disclosing the names and citizenships, if any, of all constituent members or partners, and, for any such constituent members or partners that are limited liability companies or partnerships, to identify the citizenships of the respective constituent members or partners until all such constituents are fully identified.

**IT IS SO ORDERED.**

Signed: January 27, 2011

Martin Reidinger
United States District Judge